10-1228-ag
Liu v. Holder

BIA
Elstein, IJ
A094 046 331

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

<u>**SUMMARY ORDER**</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of April, two thousand twelve.

PRESENT:
RALPH K. WINTER,
ROBERT A. KATZMANN,
DEBRA ANN LIVINGSTON,
*Circuit Judges*.

_____

TIAN SHUN LIU,
*Petitioner*,

v.                                          10-1228-ag
                                            NAC

ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
*Respondent*.

_____

FOR PETITIONER:        Tian Shun Liu, *pro se*, Flushing,
                       N.Y.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Michelle Gorden Latour,
                       Assistant Director; Kimberly A.
                       Burdge, Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Tian Shun Liu, a native and citizen of China, seeks review of a March 8, 2010, order of the BIA affirming the May 2, 2008, decision of Immigration Judge ("IJ") Annette S. Elstein, which denied Liu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tian Shun Liu,* No. A094 046 331 (B.I.A. Mar. 8, 2010), *aff'g* No. A094 046 331 (Immig. Ct. N.Y. City May 2, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. See 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). For asylum applications, such as Liu's, governed by the REAL ID Act, the agency may, considering the totality of the

2

circumstances, base a credibility finding on an applicant's demeanor, the plausibility of his account, or inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii).

Contrary to Liu's position, substantial evidence supports the agency's adverse credibility determination. The IJ reasonably relied on a number of inconsistencies within Liu's testimony and between Liu's testimony and the statement he submitted with his asylum application in finding him not credible. For example, Liu testified that his wife's contraceptive ring was removed in 1999, but his asylum application stated that the removal of the device occurred in 2003. Liu also testified inconsistently regarding his wife's second pregnancy, testifying that she was pregnant with their second child in 2000, but listing a 2004 date in his application. Similarly, Liu testified that his wife was subjected to a forced abortion in 2000, but his application listed the abortion as occurring in 2004. Although Liu contended that he had proof of his wife's abortion in the form of a "rest notice," he gave conflicting testimony concerning the date on which he first saw this

3

notice, first stating that he saw the document in September or June of 1994, and then changing his answer to June 14, 2000 when confronted with his testimony that the abortion allegedly occurred in the year 2000. Additionally, as the IJ noted, Liu's assertion that he was arrested after arguing with family planning officials was inconsistent with a letter from his wife – submitted to corroborate his account – which did not mention the arrest or argument.

Moreover, Liu's argument that he was unaware that the statement attached to his asylum application contained errors is unavailing. Liu signed the application before submitting it and again at his asylum interview. "The applicant's signature establishes a presumption that the applicant is aware of the contents of the application." 8 C.F.R. § 208.3(c)(2); *see also Zhi Wei Pang v. Bureau of Citizenship and Immigration Servs.*, 448 F.3d 102, 107-08 (2d Cir. 2006). When asked by the IJ at the beginning of the merits hearing if the signatures on the application were his and if he knew, at the time, what he was signing, Liu responded affirmatively and swore that everything in the application was "true and correct." Therefore, Liu failed to rebut the presumption that he was aware of the contents of the application.

Because Liu's claims were all based on the same factual predicate, the agency's adverse credibility determination was a proper basis for the denial of asylum and withholding of removal.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).  As for CAT relief, we lack jurisdiction to consider the issue, as Liu failed to challenge the IJ's denial of this relief in his appeal to the BIA.  8 U.S.C. § 1252(d)(1); *see also Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006) (citing *Beharry v. Ashcroft*, 329 F.3d 51, 59 (2d Cir. 2003)).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

5